# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | CASE NO. CV 08-2695 GW (Ex) |
| ) | |
| Plaintiffs, ) | ORDER GRANTING PRELIMINARY INJUNCTION |
| ) | |
| v. ) | |
| ) | |
| CITY OF SANTA MONICA, ) | |
| ) | |
| Defendant. ) | |

After reviewing the motion papers and concomitant evidence submitted with: 1) the Ex Parte Application for Temporary Restraining Order ("TRO") filed by plaintiffs United States of America and Mary E. Peters, the United States Secretary of Transportation (collectively "Plaintiffs"), 2) the Opposition to the TRO filed by the defendant City of Santa Monica ("City"), 3) the City's Opposition to Plaintiff's Application for a Preliminary Injunction, and 4) Plaintiff's Reply Memorandum, and after considering the oral arguments of counsel at the April 28, 2008 hearing on the TRO application and the May 15, 2008 preliminary injunction hearing, this Court grants Plaintiffs' application for a preliminary injunction and issues the following Order.

IT IS ORDERED THAT the Defendant, the City of Santa Monica, California, is hereby enjoined, during the pendency of this action:

1) To comply with the Supplemental Interim Cease and Desist Order issued by the Acting Director of the Office of Airport Safety and Standards of the Federal Aviation Administration

("FAA") on May 12, 2008;

2) To cease and desist from the enforcement of Santa Monica Municipal Code § 10.04.06.220 (2008) during the pendency of the FAA's administrative proceedings with respect to the validity of that ordinance (or during any such proceedings before the District of Columbia or Ninth Circuit Court of Appeals, unless otherwise ordered by said court); and

3) To permit Category C and Category D aircraft to operate at the Santa Monica Airport during that same time period to the extent that such aircraft are permitted to do so under federal law.

The findings of fact and conclusions of law upon which this Court bases its decision to grant the preliminary injunction are delineated in its Order Granting Temporary Restraining Order filed on April 28, 2008 (see Docket Entry No. 10), in its "Initial Thoughts on Filings Submitted in Advance of Preliminary Injunction Hearing" which was provided to counsel for the parties prior to the hearing on May 15, 2008, and as supplemented in part by the Court's statements on the record at the TRO and preliminary injunction hearings. Copies of both documents are attached to this Order.

Defendant City has requested that this preliminary injunction Order be stayed. That request is hereby denied. The Order is to take effect immediately.

Dated: This 16th day of May, 2008

_____
THE HON. GEORGE H. WU
United States District Judge

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SANTA MONICA, <br><br> Defendant. | CASE NO. CV 08-2695 GW (Ex) <br><br> ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING DATES FOR PRELIMINARY INJUNCTION HEARING; ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

This matter is before the Court on the Ex Parte Application for Temporary Restraining Order ("Plaintiffs' Application") filed by plaintiffs United States of America and Mary E. Peters, the United States Secretary of Transportation (collectively "Plaintiffs"). The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1345 and venue is proper pursuant to 28 U.S.C. § 1391(b) and 49 U.S.C. §§ 46106, 46107(b) and 47111(f). Having reviewed the Complaint, Plaintiffs' Application, the opposition of defendant City of Santa Monica ("the City"), and all supporting papers, declarations and exhibits, and other materials in the case file, the Court now GRANTS the requested temporary restraining order and issues an Order to Show Cause why a preliminary injunction should not issue.

Plaintiffs have demonstrated that the City has enacted an ordinance that the City originally planned to begin enforcing on Friday, April 24, 2008, but which the parties agreed in oral off-the-record discussions with this Court to forestall pending the instant hearing on Plaintiffs' Application. *See* Solco Decl., Exh. 1 at 29-31. The City's ordinance affects the classes of airplanes which may

1  use Santa Monica Airport ("the Airport"). On April 23, 2008, Plaintiffs, concerned that the
2  ordinance violates various statutory provisions and a settlement agreement reached in 1984 between
3  the City and the Federal Aviation Administration ("FAA"), issued an interim cease and desist order
4  ("Interim Order") through Kevin L. Solco, the Acting Director of the Office of Airport Safety and
5  Standards of the FAA ("Acting Director"). *See* Solco Decl. ¶ 3 & Exh. 1. The Interim Order
6  requires that the City: 1) cease and desist immediately from enforcing the ordinance, 2) publicly
7  withdraw a letter informing airport users of the impending enforcement of the ordinance, and 3)
8  provide written notice to airport users that the ordinance is in abeyance pending completion of the
9  administrative process of the FAA. The Interim Order further requires the City to provide copies
10 to the FAA of the notification sent to users (and a list of users to whom the notification was sent),
11 and notifies the City of its rights to respond to the Interim Order. *See id.* at 27-28.
12     The Acting Director issued the Interim Order pursuant to 14 C.F.R. § 16.11, as the result of
13 a delegation from the Administrator of the FAA, who in turn has the right to issue such orders under
14 49 U.S.C. §§ 40113(a) and 46105(c). Once the Interim Order was issued, it remains in effect "under
15 its own terms or until superseded." 49 U.S.C. § 46105(a). It may be amended, modified or suspended
16 by the Secretary or Administrator pursuant to 49 U.S.C. § 46105(a), or the City may apply for review
17 of the Interim Order by filing a petition for review in the United States Courts of Appeals for the
18 District of Columbia Circuit or Ninth Circuit, *see* 49 U.S.C. § 46110(a). If the City files such a
19 petition, such court has "exclusive jurisdiction" to review the order once the clerk of the court sends
20 a copy of the petition to the necessary governmental official. *See* 49 U.S.C. § 46110(b) and (c);
21 *Foster v. Skinner*, 70 F.3d 1084, 1087-88 (9th Cir. 1995); *Friends of Gateway v. Slater*, 257 F.3d 74,
22 77 (2d Cir. 2001), *cert. denied sub nom.*, *Friends of Gateway v. Mineta*, 534 U.S. 1128 (2002).
23     The City argues that because it has not filed such a petition, the exclusive jurisdiction of the
24 D.C. or Ninth Circuits has not taken effect. While that may be true here, that does not mean that, as
25 a result, this Court has jurisdiction to consider the procedural or substantive merits of the Interim
26 Order. The statutory scheme plainly rests that power with the Department of Transportation, the FAA
27 or, if the City files a petition, with the Courts of Appeal. Thus, until the City files a petition before
28 either the D.C. or Ninth Circuit, jurisdiction over the matter remains at the governmental agency

2

level. The Interim Order itself sets forth the City's procedural rights before the agency. As such, this Court has no power to adjudicate either the substantive merits or the procedural regularity leading up to the issuance of the Interim Order and the City's arguments in that respect in response to Plaintiffs' Application are misplaced. *Cf. Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 762 (2002).[1] This Court's role is to ensure that the Interim Order is enforced pending further proceedings on the Order in venues other than this Court, as discussed above. *See* 49 U.S.C. §§ 46106, 46107(b) and 47111(f).

The City argues that the Court must consider the substantive and procedural merits of the Interim Order in the course of assessing Plaintiffs' likelihood of success on the merits. Plaintiffs plainly do not request, by way of this action, that the Court approve of the Interim Order and its terms. *See* Complaint ¶¶ 28-31 & Prayer for Relief. Plaintiffs only ask that the Court enforce the Interim Order pending any further review, either before the FAA or the Circuit Courts of Appeal should the City elect to proceed down that route. Therefore, this Court is in no position, either under the law or by invitation, to forecast the merits of the Interim Order and its terms.

Accordingly, the Court grants Plaintiffs' Application. *See United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 398 (9th Cir. 1992) ("In statutory enforcement cases where the government has met the 'probability of success' prong of the preliminary injunction test, we presume it has met the 'possibility of irreparable injury' prong because the passage of the statute is itself an implied finding by Congress that violations will harm the public."); *Civil Aeronautics Bd. v. Carefree Travel, Inc.*, 513 F.2d 375, 385 (2d Cir. 1975).

In light of the above discussion, the City is ordered:

1) To comply with the Interim Order the Acting Director issued on April 23, 2008;

---

[1] Were the Interim Order a final agency action and were the matter before this Court under the Administrative Procedure Act, then perhaps the conclusion might be otherwise, although the Court does not decide that at this stage. *See Americopters, LLC v. FAA*, 441 F.3d 726, 735 (9th Cir. 2006) ("[I]f an FAA order is not final, neither we nor the district court have jurisdiction over the case [under the APA]."); *cf. Village of Bensenville v. FAA*, 457 F.3d 52, 69 (D.C. Cir. 2006); *but see Mace v. Skinner*, 34 F.3d 854, 857 (9th Cir. 1994). Here, the Interim Order is just that, interim, and it remains in effect "under its own terms or until superseded," and may be amended, modified or suspended by the Secretary or Administrator pursuant to sections 46105(a) and 46110(a). *See Promptair, Inc. v. Hinson*, 1996 U.S. dist. LEXIS 17366, *11-12 (N.D. Ill., Nov. 21, 1996) ("The fact that the review sought here is of a *contemplated* FAA action, rather than a completed action, is of no effect. Congress intended that *any* review of FAA action take place in the courts of appeals.") (Emphasis in original).

<u>**United States of America, et al. v. City of Santa Monica**</u>, Case No. CV 08-2695

Initial Thoughts on Filings Submitted in Advance of Preliminary Injunction Hearing

A review of the parties' further briefing on this matter in advance of the preliminary injunction hearing has generated the following initial thoughts from the Court:

1) It is noted that on May 12, 2008, Plaintiffs issued a Supplemental Interim Cease and Desist Order ("Supplemental Order"). The Supplemental Order obligates the City to continue to cease and desist from enforcing its ordinance until a final agency decision is issued and to continue to notify all aeronautical users of the Airport that the ordinance's ban on Class C and Class D aircraft is not in effect.

2) The City argues that the Interim Order itself was unlawfully issued and is facially invalid, arguing that the statutory scheme under which it was issued only allows such a hearing where either a hearing was held or there is a "clear safety emergency." Plaintiffs do not address this argument at all in their Reply papers, presumably because they consider it to be just one more type of procedural challenge that this Court has no jurisdiction to entertain. Indeed, even Plaintiffs' argument concerning the facial invalidity of the Interim Order would arguably be outside of this Court's bailiwick under the terms of 49 U.S.C. § 46110. As noted in the Court's TRO, that statute grants exclusive jurisdiction to the Courts of Appeal if and when Plaintiff files a petition therein,[1] whereas jurisdiction remains at the agency level otherwise (other than for purposes of the instant enforcement action).

Of course, the City's objections to Plaintiffs' process are not cavil; the Airport's operations undoubtedly affect the relative safety of those living within close proximity of it, and the residents' umbrage should not be surprising. However, even assuming that this Court may determine whether the Interim Order was, at least on its face, issued in conformity with the FAA's own procedures and powers, the City has not persuasively demonstrated any flaws in that respect.

---

[1] In its response to the Interim Order at the agency level, the City indicated that it planned to file a petition for review in a United States Court of Appeals pursuant to 49 U.S.C. § 46110 at some point in time after May 9, 2008. *See* Supplemental Order at 3. If such a petition has now been filed, it is unclear just what power the City believes this Court would retain, even under its own – misguided, in the Court's view – understanding of how the jurisdictional scheme operates. In fact, it would seem that this preliminary injunction proceeding would be moot.

The City argues that there is no provision for the issuance of interim orders other than in connection with emergency safety issues. However, the City recognizes that Plaintiffs have justified the Interim Order by way of reference to 14 C.F.R. § 16.11 and 49 U.S.C. §§ 40113(a) and 46105(c). Section 40113(a) provides that the Administrator of the Federal Aviation Administration "with respect to aviation safety duties and powers designated to be carried out by the Administrator[] may take action the Secretary [of Transportation], Under Secretary [of Transportation], or Administrator, as appropriate, considers necessary to carry out this part, including conducting investigations…and issuing orders." That section does not specify that orders issued are to be final (i.e., non-interim) orders, nor does it specifically preclude interim cease and desist orders.

The City argues that the true source of the power to issue the Interim Order is 49 U.S.C. § 46101(a)(4), which requires notice and a hearing. Although section 46101(a)(4) provides for the issuance of "an order to compel compliance…if the…Administrator finds in an investigation under this subsection that a person is violating this part," there is nothing in that provision which indicates that it is the sole source of such authority (to the exclusion of, for instance, section 40113(a)). In addition, that statutory language applies only to investigations pursuant to subsection 46101(a), which governs when a person has filed a complaint concerning a purported violation. *See* 49 U.S.C. § 46101(a)(1). The City has not cited any evidence that section 46101(a) was the legislative wellspring of the FAA's investigation. That section is not referenced in either the Interim Order or the Supplemental Order.

The City also cites to 14 C.F.R. § 16.109(a), which references an opportunity for a hearing. However, that section by its plain terms applies to "initial determinations issued under § 16.31 that provide the opportunity for a hearing." Section 16.31 is titled "Director's determinations after investigations." The Interim Order and Supplemental Order make clear that the FAA has not issued an "initial determination" yet and that the agency process is ongoing. *See* Supplemental Order at 3 ("All of the issues raised by the City are being addressed in the on-going investigation, and will be decided in the FAA's forthcoming initial determination."); *see also Penobscot Air Servs., Ltd. v. FAA*, 164 F.3d 713, 721 (1st Cir. 1999) ("A hearing is required under the regulations only if <u>the initial determination</u> 'finds the respondent in noncompliance and proposes the issuance of a compliance order.'") (emphasis

2

added); *cf. Ickes v. FAA*, 299 F.3d 260, 266 (3d Cir. 2002) ("Ickes complains that he was deprived of <u>notice and an opportunity for a hearing</u> before the FAA issued the Emergency Order. While FAA regulations ordinarily contemplate <u>prior notice</u> before the agency will issue a cease and desist order, an exception is understandably provided in the case of an emergency.") (emphasis added). As such, Plaintiffs' reliance upon these regulations as authority for the Interim Order appears premature.[2] At the same time, however, the City's reliance thereon for the requirement of a hearing is likewise untimely. If the City is dissatisfied with the amount of time the FAA's investigation is taking, there are methods by which they may, potentially, be able to challenge that process. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives <u>and within a reasonable time</u>, each agency shall proceed to conclude a matter presented to it.") (emphasis added).

The City also focuses on the provision in 49 U.S.C. § 46105(c) which specifically permits the Administrator to issue immediate orders when the Administrator "is of the opinion that an emergency exists related to safety in air commerce." The City also notes that section 46105(c) is not cited as authority for a 14 C.F.R. § 16.11 order. But section 46105(c) is not the only basis for the Administrator's Interim Order here. The Interim Order is also based upon section 40113(a), which as noted above does not appear to preclude interim orders (which 14 C.F.R. § 16.11(a) effectively allows).

Most importantly, the City has not cited to any case law which supports its limitation on the Administrator's power to issue interim cease and desist orders (or this Court's authority to review the procedural regularity of the Interim Order in the face of the "exclusive jurisdiction" provision of section 46110).

---

[2] Rather, as noted in the Court's TRO, the proper authority for such order would appear to be 14 C.F.R. § 16.11(a). Section 16.11 is titled "Expedition and other modification of process." Section 16.11(a) states that "[u]nder the authority of 49 U.S.C. 40113 and 47121, the Director may conduct investigations, issue orders, and take such other actions as are necessary to fulfill the purposes of this part...." *See also Wilson Air Center, LLC v. FAA*, 372 F.3d 807, 815 & n.4 (6th Cir. 2004) (noting that "[t]he regulations provide the [FAA] with considerable discretion in choosing how best to fulfill its investigatory duties" and citing, among other regulatory provisions, section 16.11); *Ickes v. FAA*, 299 F.3d 260, 265 (3d Cir. 2002) ("As to the FAA's authority to respond to an emergency, Congress has conferred broad power upon the FAA Administrator to conduct investigations and to issue orders that the Administrator 'considers necessary' to carry out the FAA's mandate."); *GATX/Airlog Co. v. Evergreen Int'l Airlines, Inc.*, 81 F.Supp.2d 1003, 1007 (N.D. Cal. 1999) ("The Administrator may prescribe regulations and issue orders she 'considers necessary' to carry out the agency's function.").

3

**3)** Plaintiffs take the position that the Interim Order is a final order, notwithstanding the fact that the Supplemental Order refers to the Interim Order and Supplemental Order together as "ensur[ing] orderly continuation of the status quo during the existing administrative process and until a final decision is issued with appeal rights to the United Court [sic] of Appeals pursuant to 49 U.S.C. § 46110." Supplemental Order at 14; *see also id.* at 15 (ordering the City to continue to cease and desist "until a final agency decision is issued in this matter pursuant to 14 C.F.R. §§ 16.33 or 16.241(c)"). The City takes the position that this Court lacks subject matter jurisdiction over this matter (and thus may not enforce the Interim Order) because jurisdiction over final FAA orders lies exclusively with the federal appellate courts.[3]

In the Court's Temporary Restraining Order, it noted that "[w]ere the Interim Order a final agency action and were the matter before this Court under the Administrative Procedure Act, then perhaps the conclusion might be otherwise, although the Court does not decide that at this stage." TRO at 3 n.1 (emphasis added); *see also Americopters, LLC v. FAA*, 441 F.3d 726, 735 (9th Cir. 2006) ("The dilemma is this: if the Zeigler Email and Kanae Letter are final orders relating to 'aviation duties and powers,' § 46110 preempts the district court from considering these claims. But if they are not final, then the Administrative Procedure Act...bars the district court from hearing the case for lack of jurisdiction."). Even if Plaintiffs are correct that the Interim Order is in fact a final order (again, a position the Court does not need to resolve at this stage), the matter is not before the Court pursuant to the 49 U.S.C. § 46110 or the judicial review provisions of the Administrative Procedure Act[4]. The matter is before the Court pursuant to 49 U.S.C. §§ 46106, 46107(b) and 47111(f), which plainly allow Plaintiffs to seek <u>enforcement</u> of the Interim Order in <u>this</u> Court.

**4)** Finally, the City asserts that it, not Plaintiffs, is acting to protect public safety. However, because in statutory enforcement actions the passage of the statute "is itself an

---

[3] For this proposition, one case the City cites to is *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir. 1992). *Clark*, however, works against the City in at least one respect. It indicates that because the court of appeals' jurisdiction to review the FAA's final disposition of a petition is exclusive, "its jurisdiction to review at that time any procedural irregularities...is also exclusive." *Id.* Thus, under *Clark*, all of the City's arguments regarding purported procedural irregularities in the FAA's process would be off-limits for this Court.

[4] The City's argument that Plaintiffs' claims are arbitrary and capricious is therefore misguided.

4

implied finding by Congress that violations will harm the public," the Court need not engage in any balancing of the harms. *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 398 (9th Cir. 1992). Whether the proprietor's exception applies to permit the City's ordinance is an issue that is best resolved by a body with power to review the substantive merits of the Interim Order.